[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO VACATE ARBITRATION AWARD
Plaintiff seeks to vacate an arbitration award because (1) the award is not final, mutual and definite; (2) that the arbitrator attempted to retain jurisdiction of the matter in violation of the submission and the contract between the parties; and (3) that the award is not timely.
Facts
The parties entered into a collective bargaining agreement effective July 1, 1988 (Agreement). The defendant is a union which represent Correction Department employees, including one Michele Lee (Lee) who is a member of the union and a beneficiary of the Agreement.
Lee had been discharged from her job for excessive unauthorized leave of absence from employment extending over a period of months, beginning in 1992 through 1994. Through defendant, she grieved her firing contending that her absence from work was due to depression caused by sexual harassment on the job.
The grievance was denied at earlier steps and defendant filed for arbitration, pursuant to Article 13 of the contract. The language of the submission was framed, in part, as follows:
 [Was] the termination of Michele Lee for just cause?
 If not, what shall be the remedy, consistent with the terms of the NP-4 contract?
Hearings were held on April 11, May 10 and June 2, 1995. Both parties appeared and were represented. Briefs were filed CT Page 1238 by both parties and received on July 14, 1995.
In August 11, 1995, the arbitrator, Susan Meredith, issued the following award:
 There was not just cause for the dismissal of the grievant. The grievant shall be reinstated to a position at Niantic CC or another facility agreeable to the grievant and to the Union. Jurisdiction shall be retained fro (sic) sixty days to resolve any issues related to the remedy.
By application dated September 1, 1995 the plaintiff, State of Connecticut, has petitioned the court, pursuant to Conn. Gen. Stat. § 52-418, to vacate an arbitrator's award dated August 11, 1995 purportedly issued pursuant to the provisions of the contract.
Law
I Final, Mutual and Definite
The award reinstates the grievant in her job. It does not say where her work is to be performed. That is left to three parties — the grievant, the plaintiff and the defendant. It leaves her job site to be decided by those three parties; two of whom have a veto power and one of whom is not a party to the arbitration. That is not final or definite.
The plaintiff is run by human beings. The union is run by human beings. The grievant is a human being. In selecting where grievant shall work in the future they have no books or schedules upon which to base a decision. For each of the three the work site to be selected is a subjective human decision. There is no way before those decisions are made that the court or the arbitrator may determine what they will be. No one can tell us what will happen if the grievant and the defendant do not agree as to the work site.
As the defendant says in its brief, "the arbitrator, by retaining jurisdiction for sixty days, has made herself available in case the plaintiff chooses a facility other than Niantic CC, and the parties cannot agree on an alternate CT Page 1239 placement." Of course, "the parties" there referred to are only the union and the grievant. Thus, the award awaits matching subjective decisions by two separate parties. The rights of our plaintiff and defendant are to be definitely fixed by the award. Local 63 Textile Workers Union v. CheneyBros., 141 Conn. 606. 617. They were not fixed.
II Timeliness
Under C.G.S. § 5-416 the award is to be issued within thirty (30) days "from the date the hearing or hearings are completed." These "hearings" were completed on July 14, 1995 when the briefs were filed. The "award" was timely made.
The problem is it was not a final, definite and mutual award on August 11, 1995 and thus now, some fourteen months later, it cannot be timely.
III Remand
There is no authority to remand this matter under C.G.S. § 52-418 et seq. Chmielewski v. Aetna Casualty and Surety Co.,218 Conn. 646, 680.
Application to vacate is granted.
O'Neill, J. T. R.